UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| NICHOLAS A. LIVEING-MACDONALD, | Case No. 2:15-cv-02433-APG-NJK |
|---|---|
| Plaintiff, | **ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS** |
| v. | **(ECF No. 10)** |
| CLARK COUNTY SCHOOL DISTRICT, | |
| Defendant. | |

Plaintiff Nicholas Liveing-Macdonald was a middle school teacher for defendant Clark County School District ("CCSD"). Liveing alleges that CCSD discriminated by firing him on the basis of his disability. CCSD now moves to dismiss two of Liveing's causes of action: his third cause of action for discrimination under Nevada law and his fourth cause of action for tortious discharge. Liveing agrees his tortious discharge claim should be dismissed, so I consider only whether to dismiss his Nevada discrimination claim.

CCSD contends that Liveing's Nevada discrimination claim is barred by the statute of limitations because he did not file this case within 180 days of the alleged discriminatory act.[1] But this period is tolled while a claim is being investigated by the Nevada Equal Rights Commission ("NERC"), and that appears to have been the case here. Even if was not, I would equitably toll the limitations period. I may equitably toll where a plaintiff diligently pursued his claim and the defendant will suffer little prejudice—and both of these factors lean in Liveing's favor. Liveing delayed filing this case because he reasonably thought state and federal labor commissions were investigating his claim, and CCSD has not explained how it would be

---

[1] CCSD presents other arguments for the first time in its reply, such as that Liveing's Nevada claim is barred because the NERC has exclusive jurisdiction, or that Liveing failed to exhaust his administrative remedies. *See* ECF No. 15, at 2-5. Because CCSD raised these for the first time in its reply, I decline to address them. *See Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990).

prejudiced. I therefore grant CCSD's motion to dismiss as to Liveing's fourth cause of action for tortious discharge, but deny it as to his third cause of action for discrimination under Nevada law.

## I. ANALYSIS

A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."[2] While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."[3] To survive a motion to dismiss, a complaint must "contain [ ] enough facts to state a claim to relief that is plausible on its face."[4] I accept as true all well-pleaded facts and construe them in the light most favorable to the nonmoving party.[5]

CCSD raises a single argument in its motion: whether Liveing's Nevada discrimination claim is barred by the applicable statute of limitations. Nevada discrimination claims must be brought within 180 days of the alleged discriminatory act.[6] Liveing alleges CCSD discriminated against him by firing him on April 27, 2012.[7] He alleges he filed his "EEOC/NERC" charge 48 days later.[8] Liveing alleges that the "EEOC/NERC" issued him a right to sue letter in October, 2015, and he filed this case shortly after.[9]

Several years transpired between Liveing's 2012 termination—the alleged discriminatory act—and when Liveing filed this action in 2015. Thus his claim can survive only if the limitations period was tolled during the intervening years that the administrative agencies were investigating his claims.

---

[2] Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[4] *Id.* at 696 (internal quotation marks and citation omitted).

[5] *Zadrozny v. Bank of N.Y. Mellon*, 720 F.3d 1163, 1167 (9th Cir. 2013) (citations omitted).

[6] Nev. Rev. Stat. 613.430.

[7] ECF No. 1 at ¶31.

[8] *Id.* at ¶34. The date of filing is on the administrative charge.

[9] *Id.* at ¶36.

The limitations period for a Nevada discrimination claim is tolled "during the pendency of [a] complaint before" NERC.[10] So when a plaintiff files his administrative charge with NERC, the limitations period is tolled until the charge is no longer pending—in other words, until NERC makes a decision.

The limitations period can also be equitably tolled where a plaintiff's delay in filing suit was the result of a mere procedural error and prejudice to the defendant is slight.[11] To determine whether to equitably toll, I consider "the claimant's diligence, knowledge of the relevant facts, reliance on misleading authoritative agency statements or misleading employer conduct, and any prejudice to the employer."[12] Thus, the limitations period can be tolled here if either (1) Nevada's tolling statute applies, or (2) if the equities favor tolling.

CCSD maintains that Nevada's tolling statute does not apply because Liveing's discrimination claim was pending only with the EEOC and not with the NERC because the charge lists only an EEOC number. But from the face of Liveing's complaint, it appears his administrative charge was pending before both the EEOC and NERC up until shortly before he brought this action.[13] And his administrative charge similarly stated it would be filed before *both* the EEOC and the "Nevada Equal Rights Commission."[14] Because Liveing's allegations and his charge indicate that his charge was "pending" before NERC up until he filed this action, Nevada's statute of limitations does not bar his claim.[15]

---

[10] Nev. Rev. Stat. 613.430.

[11] *City of N. Las Vegas v. State Local Gov't Employee-Mgmt. Relations Bd.,* 261 P.3d 1071, 1077 (Nev. 2011).

[12] *Id.; see also Copeland v. Desert Inn Hotel*, 673 P.2d 490, 491 (Nev. 1983).

[13] Liveing alleges he filed his charge with the "EEOC/NERC." ECF No. 1 at ¶34.

[14] ECF No. 10 at 10-12. I can consider Liveing's charge, which was incorporated by reference into his complaint. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).

[15] CCSD provides no evidence to the contrary in its motion. It suggests that Nevada's tolling statute cannot apply while the EEOC is investigating a claim, but no authority supports its position. CCSD cites *Foster v. Wyett*, No. CV-N-97-611-DWH PHA, 1998 WL 643872, at *8 (D. Nev. Sept. 11, 1998), aff'd sub nom. *Foster v. State*, 23 F. App'x 731 (9th Cir. 2001), but that case dealt with a Nevada discrimination claim that the NERC had affirmatively dismissed. The court simply held that once NERC dismisses a claim, the tolling statute no longer applies—regardless of whether the EEOC continues to investigate. *Id.* But the NERC never dismissed Liveing's charge, so *Foster* is not helpful.

But even if Nevada's tolling statute did not apply, I would equitably toll the limitations period. If Liveing made a mistake about whether his claim was pending before NERC, he made it in good faith. He diligently pursued his claim before the agencies, and he reasonably relied on the administrative charge form's statement that it would be filed with both the "Nevada Equal Rights Commission and EEOC."[16] The NERC and the EEOC tell the public that a charge is properly filed before both agencies so long as it is filed before either one individually.[17] To the extent Liveing was supposed to file another form with the NERC to ensure his claim was "pending" before that agency, this was a minor procedural mistake and no fault of his own.

And CCSD has not articulated prejudice that will result from having to defend against Liveing's Nevada discrimination claim. CCSD has not moved to dismiss Liveing's federal discrimination claims, so it will already be defending against similar facts and legal theories.[18] I thus deny CCSD's motion to dismiss Liveing's Nevada discrimination claim.

## II.    CONCLUSION

IT IS THEREFORE ORDERED that the defendant's motion to dismiss **(ECF No. 10) is GRANTED in part and DENIED in part** as more fully set forth in this order.

DATED this 6th day of October, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[16] *Id.*

[17] The Ninth Circuit examined this process in a recent decision. *See Romans v. Incline Vill. Gen. Improvement Dist.*, No. 14-16590, 2016 WL 3997269, at *1 (9th Cir. July 26, 2016).

[18] The facts and elements of a Nevada discrimination claim and a federal discrimination claim are similar. *See Apececke v. White Pine Cty.*, 615 P.2d 975, 977–78 (Nev. 1980) (applying the same framework to a Nevada discrimination claim as that applied to federal claims).